THE AUTOMOBILE INSURANCE COMPANY, a corporation of the State of Connecticut, complainant,

*v.*

SARAH CONWAY, defendant.

[Decided July 9th, 1930.]

Mr. *Arthur T. Vanderbilt,* for the complainant.

Mr. *Albert A. F. McGee,* for the defendant.

INGERSOLL, V. C.

On the 7th day of January, 1924, the Automobile Insurance Company of Hartford, Connecticut, insured the premises known as 3512 Pacific avenue, Atlantic City, New Jersey, against loss by fire, to the amount of $19,000, said policy being the standard fire insurance policy under the State of New Jersey and others.

One Elizabeth M. Lutz held a mortgage of $19,000 upon said premises, and the policy contained a New Jersey standard mortgagee clause that "loss or damage, if any, under this policy, shall be payable to Elizabeth M. Lutz (whose name is now Elizabeth M. Lutz Ross) as mortgagee, as interest may appear."

On the 2d day of March, 1925, said lands and premises were conveyed by Elizabeth Claire Haggenbotham and her husband to the said Sarah Conway and her husband, James F. Conway, subject to the operation of the mortgage above referred to in the sum of $19,000.

There appears attached to the policy of insurance an endorsement as follows:

"Elizabeth Clave Haggenbotham 3-1-25. James F. Conway is hereafter recognized as assured and owner of the property covered under this policy, subject nevertheless to all the terms and conditions herein contained. Attached to and forming part of policy No. 2278 Automobile Insurance Company of Hartford, Conn. R. Saslaff, Agents."

It will be noted that the original policy, after the signatures of the president and secretary reads: "Countersigned at Atlantic City, New Jersey, this 8th day of January, 1924, R. Saslaff, Agent."

Sometime after said purchase and prior to the 24th day of March, 1927, policies were taken out on the said premises in the name of the complainant, Sarah Conway, and her husband, James F. Conway, one policy being No. 1303 of the National Liberty Insurance Company of America, in the sum of $7,500, and another policy, No. 1225, in the same company in the sum of $20,000, a total amount of insurance in the three policies of $46,500.

On or about the 24th day of March, 1927, a fire occurred in the premises known as 3512 Pacific avenue, and the damage was estimated at the sum of $20,192.90. By reason of the clauses in each of the said policies, which read that—

"This company shall not be liable under this policy for a greater proportion of any loss on the described property, or for loss by and expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property, and the extent of the application of the insurance under this policy or of the contribution to be made by this company in case of loss, may be provided for by agreement or condition written hereon or attached or appended hereto."

The National Liberty Insurance Company of America paid over to the owners the sum of $11,532.02, and the Automobile Insurance Company of Hartford, Connecticut, should be responsible for the balance of $8,250.88. The Automobile Insurance Company of Hartford, Connecticut, paid to the said Elizabeth M. Lutz (now Elizabeth M. Lutz Ross) the amount due upon the mortgage held by her amounting to $19,000, and took from the said Elizabeth M. Lutz Ross an assignment of said mortgage, which mortgage it is now attempting to foreclose, claiming that they are subrogated to the rights of the said Ross and that inasmuch as James F. Conway was not the owner in fee of the premises, being only a tenant in the entirety, that no amount is due to him from the insurance company.

Although James F. Conway has died since the time of the fire and the payment of $19,000 plus has been made by the insurance company to the mortgagee and an assignment taken thereof, $8,250.88 was the amount of enforceable loss to be credited to Conway, he having an insurable interest in the land.

Quoting from the brief of the defendant, citing *26 C. J. 582:* "Where one of two or more joint owners or owners in common of property insures his interest separately against loss by fire, he is entitled in case of loss to receive and retain the insurance." *Corpus Juris,* however, continues: "In such

a case the insurance does not inure to the benefit of the co-tenant." *Ibid.* § *582.* "A husband and not his wife is entitled to the proceeds of a policy taken out in his favor, notwithstanding she has an interest in the property; and although she in fact owns the property, she cannot, it is held, recover on such a policy." This, of course, is based upon the general rules as to rights to proceeds of a policy, as set out in *26 C. J. 434* ¶ *581:* "As the policy is a personal contract between the insurer and the insured, and not a contract which in any sense runs with the property, the insurance money is generally payable to the person whose interest is covered by the policy, without regard to the nature and extent of his interest in the property, provided he had an insurable interest at the time of making the contract and also at the time of the loss." *Weinberger* v. *Agricultural Insurance Co., 80 N. J. Law. 202.*

And it can make no difference in equity whether this payment was actually made by the insurance company before or after the death of Mr. Conway for the loss and the responsibility of the insurance company accrued in his lifetime. The complainant must, therefore, credit upon the said mortgage the sum for which it was responsible to the insured, James F. Conway, at the time of the fire, and a decree will be so advised. Mrs. Conway will, by this method, have received all the full payment for the damages suffered by fire, which was fixed at $20,192.90, by the payment of $11,532.02, the balance due from the National Liberty Insurance Company of America and by the payment on account of the mortgage in the sum of $8,250.88, the proportionate amount due to her husband, James F. Conway, and paid on account of the mortgage.

The act of Mr. and Mrs. Conway in taking out additional insurance immediately reduced the liability of each company proportionately, as provided for in the policies. It will be noted that there is no assignment of the insured's interest in this policy to the Conways, nor to either of them, although there appears the endorsement above quoted.

Justice Van Syckel in *Millville Mutual Marine and Fire*

*Insurance Co.* v. *Mechanics' and Workingmen's Building and Loan Association, 43 N. J. Law 652,* speaking for the court of errors and appeals (at *p. 658*), said, after stating the facts and conditions both: "In this aspect of the case it is manifest that the insured was justified in drawing the inference that nothing more was necessary to be done on his part to continue the life of the policy. Until notice was given to him to do some further act, he had a right to rest securely upon the agent's assurance. The company cannot thus lull their policyholder into a false security, and take advantage of an omission on his part thereby induced, to work a forfeiture of their contract.'"

The insurance company makes no claim, however, that Saslaff, the agent of the company, exceeded his authority in attaching said clause to the policy, and in the absence of proof, it will be assumed that his authority is conceded.